**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____   Chapter **11**

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy       06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Sticky Rice, Inc.** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **42-1636938** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **4018 N Western Ave., 1st Fl.** <br> **Chicago, IL 60618** <br> Number, Street, City, State & ZIP Code | <br> P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Cook** <br> County | **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.stickyricethai.com/** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br><br> ☐ Partnership (excluding LLP) <br><br> ☐ Other. Specify: _____ |

| Debtor | Sticky Rice, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__7225__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

Debtor    **Sticky Rice, Inc.**                                   Case number (*if known*) _____
     Name

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | _____ | Relationship | _____ |
| District | _____ When _____ | Case number, if known | _____ |

**11.** **Why is the case filed in *this district?***   *Check all that apply:*

■   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____
       Contact name _____
       Phone _____

---

    ■■■  **Statistical and administrative information**

**13.** **Debtor's estimation of available funds**   .  *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.** **Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15.** **Estimated Assets**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16.** **Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

Debtor  **Sticky Rice, Inc.**
Name

Case number (*if known*)

- [ ] $50,001 - $100,000
- [x] $100,001 - $500,000
- [ ] $500,001 - $1 million

- [ ] $10,000,001 - $50  million
- [ ] $50,000,001 - $100 million
- [ ] $100,000,001 - $500 million

- [ ] $1,000,000,001 - $10 billion
- [ ] $10,000,000,001 - $50 billion
- [ ] More than $50 billion

Debtor   **Sticky Rice, Inc.**                                          Case number (*if known*) _____
_____
Name

| | |
|---|---|
| | **Request for Relief, Declaration, and Signatures** |

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **June 20, 2024**
_____
MM / DD / YYYY

**X** **/s/ Kritsana Moungkeow**                                      **Kritsana Moungkeow**
_____      _____
Signature of authorized representative of debtor                Printed name

Title   **President**
_____

**18. Signature of attorney**

**X** **/s/ Konstantine Sparagis**                      Date **June 20, 2024**
_____      _____
Signature of attorney for debtor                            MM / DD / YYYY

**Konstantine Sparagis 6256702**
_____
Printed name

**Law Offices Of Konstantine Sparagis**
_____
Firm name

**900 W. Jackson Blvd.**
**Ste. 4E**
**Chicago, IL 60607**
_____
Number, Street, City, State & ZIP Code

Contact phone   **312.753.6956**          Email address   **gus@atbankruptcy.com**
_____                          _____

**6256702 IL**
_____
Bar number and State

**Fill in this information to identify the case:**

Debtor name     **Sticky Rice, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)  _____

☐ Check if this is an
   amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■  *Schedule H: Codebtors* (Official Form 206H)
- ■  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐  Amended *Schedule*
- ■  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐  Other document that requires a declaration  _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **June 20, 2024**          X  */s/ Kritsana Moungkeow*
                                          Signature of individual signing on behalf of debtor

                                          **Kritsana Moungkeow**
                                          Printed name

                                          **President**
                                          Position or relationship to debtor

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Sticky Rice, Inc.** |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF ILLINOIS** |
| Case number (if known): | _____ |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Adam Alcauter 1727 W Wallen Ave. Chicago, IL 60626** | | **Potential claim for back wages** | **Contingent Unliquidated Disputed** | | | $0.00 |
| **Brickhouse Capital LLC 8161 East Indian Bend Road, Ste 103 Scottsdale, AZ 85250** | | **Equipment Lease Financing** | | | | $11,889.00 |
| **Byline Bank 3401 N Western Ave. Chicago, IL 60618** | | **Credit Card** | | | | $9,835.00 |
| **Carolina Hernandez 1456 W Elmdale, #3N Chicago, IL 60660** | | **Potential claim for back wages** | **Contingent Unliquidated Disputed** | | | $0.00 |
| **Doris Orozco 4655 N Drake Ave. Chicago, IL 60625** | | **Potential claim for back wages** | **Contingent Unliquidated Disputed** | | | $0.00 |
| **Federico Aurelio Mendez 1456 W Elmdale #3N Chicago, IL 60660** | | **Potential claim for back wages** | **Contingent Unliquidated Disputed** | | | $0.00 |
| **Felix David Rodriguez Alcauter 1727 W Wallen Ave. Chicago, IL 60626** | | **Potential claim for back wages** | **Contingent Unliquidated Disputed** | | | $0.00 |
| **Fran Lopez 4839 N Kimbal, #3 Chicago, IL 60625** | | **Potential claim for back wages** | **Contingent Unliquidated Disputed** | | | $0.00 |
| **Francisco Aguillar 3034 N Leland Ave. Chicago, IL 60625** | | **Potential claim for back wages** | **Contingent Unliquidated Disputed** | | | $0.00 |
| **Franciso Garcia 1727 W Wallen Ave. Chicago, IL 60626** | | **Potential claim for back wages** | **Contingent Unliquidated Disputed** | | | $0.00 |

| Debtor | **Sticky Rice, Inc.** | | Case number *(if known)* | |
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Henry Almaraz 4834 N  Albany Chicago, IL 60625** | | **Potential claim for back wages** | **Contingent Unliquidated Disputed** | | | **$0.00** |
| **Hermitano Almaraz 4954 N Albany, #1 Chicago, IL 60625** | | **Potential claim for back wages** | **Contingent Unliquidated Disputed** | | | **$0.00** |
| **Isaias Ramirez 4839 N Kimbal, #3 Chicago, IL 60625** | | **Potential claim for back wages** | **Contingent Unliquidated Disputed** | | | **$0.00** |
| **Manuel Mendez 4831 N Washtenaw, #1 Chicago, IL 60625** | | **Potential claim for back wages** | **Contingent Unliquidated Disputed** | | | **$0.00** |
| **Misael Almaraz 4954 N Albany, #1 Chicago, IL 60625** | | **Potential claim for back wages** | **Contingent Unliquidated Disputed** | | | **$0.00** |
| **RLC Funding 111 Executive Center Dr., Ste. 1 Columbia, SC 29210** | | | | **Unknown** | **Unknown** | **Unknown** |
| **Timothy M Nolan Esq Nolan Law Office 53 W Jackson Blvd., Ste. 1137 Chicago, IL 60604** | | **Notice as Attorney for YOAUN AGUILAR MIRANDA, HERMITANO ALMARAZ CARDONA, and MISAEL ALMARAZ CARDONA** | **Contingent Unliquidated Disputed** | | | **$272,000.00** |
| **US Department of Labor 230 S Dearborn St., Rm. 1001 Chicago, IL 60604** | | **Potential FLSA claims** | **Contingent Unliquidated Disputed** | | | **$49,359.25** |
| **Wintrust Bank 4343 W Peterson Chicago, IL 60646** | | **Checking account at Wintrust Bank ending 1073 - Checking - Acct# 1073** | | **$59,725.00** | **$3,584.93** | **$56,140.07** |
| **Wintrust Bank 4343 W Peterson Chicago, IL 60646** | | **Business Loan** | | | | **$7,067.00** |

**Fill in this information to identify the case:**

Debtor name    **Sticky Rice, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)    _____

☐ Check if this is an
amended filing

# Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals    12/15

### Part 1:    Summary of Assets

1. ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*.................................................................................    $ _____0.00

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*.............................................................................    $ _____23,814.93

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*...............................................................................    $ _____23,814.93

### Part 2:    Summary of Liabilities

2. ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................    $ _____59,725.00

3. ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*...........................................    $ _____0.00

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*................................    +$ _____350,150.25

4. **Total liabilities** ..................................................................................................
    Lines 2 + 3a + 3b    $ _____409,875.25

**Fill in this information to identify the case:**

Debtor name      **Sticky Rice, Inc.**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an
amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest.
Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties
which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts
or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write
the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an
additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset
schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the
debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
■ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| 2.      **Cash on hand** | **$300.00** |

3.     **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1.   **Checking account at Wintrust Bank ending 1073** | **Checking** | **1073** | **$3,584.93** |

4.     **Other cash equivalents** *(Identify all)*

5.     **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| | $3,884.93 |
|---|---|

| Part 2: | Deposits and Prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

■ No. Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
|---|---|

13. **Does the debtor own any investments?**

| Debtor | **Sticky Rice, Inc.** | Case number *(If known)* | |
|--------|------------------------|--------------------------|--|
| | Name | | |

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

<span style="background:black;color:white">Part 5:</span>    **Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☐ No.  Go to Part 6.
■ Yes Fill in the information below.

| | General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|--|--------------------|--------------------------------------|-------------------------------------------------------|------------------------------------------|------------------------------------|
| 19. | **Raw materials** | | | | |
| 20. | **Work in progress** | | | | |
| 21. | **Finished goods, including goods held for resale** | | | | |
| 22. | **Other inventory or supplies** **Inventory on Hand** | 6/3/2024 | $5,000.00 | Replacement | $5,000.00 |

| 23. | **Total of Part 5.** | | $5,000.00 |
|--|--|--|--|
| | Add lines 19 through 22.  Copy the total to line 84. | | |

**24. Is any of the property listed in Part 5 perishable?**
■ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
■ No
☐ Yes. Book value _____ Valuation method _____ Current Value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**
■ No
☐ Yes

<span style="background:black;color:white">Part 6:</span>    **Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

<span style="background:black;color:white">Part 7:</span>    **Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
■ Yes Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|--|--------------------|-------------------------------------------------------|------------------------------------------|------------------------------------|
| 39. | **Office furniture** **Office Furniture** | $1,000.00 | Replacement | $1,000.00 |

Debtor    **Sticky Rice, Inc.**                                    Case number *(If known)* _____
Name

40. **Office fixtures**

41. **Office equipment, including all computer equipment and communication systems equipment and software**
**Communications and POS Equipment**          $2,030.00    Replacement                $2,030.00

42. **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43. **Total of Part 7.**                                                              **$3,030.00**
Add lines 39 through 42. Copy the total to line 86.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
■ No
☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 8:    Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.
■ Yes Fill in the information below.

| General description<br>Include year, make, model, and identification numbers<br>(i.e., VIN, HIN, or N-number) | Net book value of<br>debtor's interest<br>(Where available) | Valuation method used<br>for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| **48. Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| **49. Aircraft and accessories** | | | |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| **Machinery and Equipment Used in Business** | $11,900.00 | Replacement | $11,900.00 |

51. **Total of Part 8.**                                                              **$11,900.00**
Add lines 47 through 50. Copy the total to line 87.

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
■ No
☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 9:    Real property**

54. **Does the debtor own or lease any real property?**

■ No. Go to Part 10.

Debtor **Sticky Rice, Inc.**
Name

Case number *(If known)* _____

☐ Yes Fill in the information below.

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

☐ No.  Go to Part 11.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| 62. **Licenses, franchises, and royalties** <br> Retail Food License/Business License | **Unknown** | | **$0.00** |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |

66. **Total of Part 10.**

    Add lines 60 through 65. Copy the total to line 89.

| |
|---|
| **$0.00** |

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107?
    ■ No
    ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
    ■ No
    ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
    ■ No
    ☐ Yes

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

| | Current value of debtor's interest |
|---|---|
| 71. **Notes receivable** <br> Description (include name of obligor) | |
| 72. **Tax refunds and unused net operating losses (NOLs)** <br> Description (for example, federal, state, local) | |
| 73. **Interests in insurance policies or annuities** | |
| Commercial General Liability Insurance | **Unknown** |

Debtor    **Sticky Rice, Inc.**
Name

Case number *(If known)* _____

74.  **Causes of action against third parties (whether or not a lawsuit has been filed)**

75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

76.  **Trusts, equitable or future interests in property**

77.  **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

**Website at www.stickyricethai.com**                                    **Unknown**

---

78.  **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

| | **$0.00** |
|---|---|

79.  **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑ No
☐ Yes

Debtor    **Sticky Rice, Inc.**                                    Case number *(If known)* _____
Name

---

<table>
<tr><td colspan="2" style="background:black;color:white;">Part 12:</td><td><b>Summary</b></td></tr>
</table>

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $3,884.93 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $5,000.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $3,030.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $11,900.00 | |
| 88. **Real property.** *Copy line 56, Part 9.*.........................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $23,814.93 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $23,814.93 |

**Fill in this information to identify the case:**

Debtor name   **Sticky Rice, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an
amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|

| 2.1 | **RLC Funding**<br>Creditor's Name<br>**111 Executive Center Dr., Ste. 1**<br>**Columbia, SC 29210**<br>Creditor's mailing address | Describe debtor's property that is subject to a lien<br><br>Describe the lien<br>**Unknown**<br>**Is the creditor an insider or related party?**<br>☑ No<br>☐ Yes | **Unknown** | **Unknown** |
|---|---|---|---|---|

Creditor's email address, if known

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**Last 4 digits of account number** **6938**

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

| 2.2 | **US Small Business Administration**<br>Creditor's Name<br>**2 NORTH STREET, SUITE 320**<br>**Birmingham, AL 35203**<br>Creditor's mailing address | Describe debtor's property that is subject to a lien<br><br>Describe the lien<br>**Unknown**<br>**Is the creditor an insider or related party?**<br>☑ No<br>☐ Yes | **Unknown** | **Unknown** |
|---|---|---|---|---|

Creditor's email address, if known

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**

**Last 4 digits of account number** **6938**

**Do multiple creditors have an interest in the same property?**

**As of the petition filing date, the claim is:**
Check all that apply

Debtor  **Sticky Rice, Inc.**
_____
Name

Case number (if known) _____

☑ No
☐ Yes. Specify each creditor,
including this creditor and its relative
priority.

☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.3 | **Wintrust Bank** | Describe debtor's property that is subject to a lien | $59,725.00 | $3,584.93 |

Creditor's Name

**Checking account at Wintrust Bank ending
1073 - Checking - Acct# 1073**

**4343 W Peterson
Chicago, IL 60646**

Creditor's mailing address

**Describe the lien**
**Non-Purchase Money Security**
**Is the creditor an insider or related party?**
☑ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
☐ No
☑ Yes. Fill out Schedule H: Codebtors (Official Form 206H)

**Date debt was incurred**

**Last 4 digits of account number**
**1400**

**Do multiple creditors have an
interest in the same property?**
☑ No
☐ Yes. Specify each creditor,
including this creditor and its relative
priority.

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 3. | **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** | $59,725.00 |

**Part 2:  List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name  and address | On which line in Part 1 did
you enter the related creditor? | Last 4 digits of
account number for
this entity |
|---|---|---|

**Fill in this information to identify the case:**

Debtor name   **Sticky Rice, Inc.**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**   **List All Creditors with PRIORITY Unsecured Claims**

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

**Part 2:**   **List All Creditors with NONPRIORITY Unsecured Claims**

3.  List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
    out and attach the Additional Page of Part 2.

|  |  | Amount of claim |
|---|---|---|
| **3.1** | Nonpriority creditor's name and mailing address<br>**Adam Alcauter**<br>**1727 W Wallen Ave.**<br>**Chicago, IL 60626**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number  **6938** | As of the petition filing date, the claim is: *Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>Basis for the claim:  **Potential claim for back wages**<br><br>Is the claim subject to offset? ☑ No ☐ Yes | **Unknown** |
| **3.2** | Nonpriority creditor's name and mailing address<br>**Brickhouse Capital LLC**<br>**8161 East Indian Bend Road, Ste 103**<br>**Scottsdale, AZ 85250**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number  **0490** | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Equipment Lease Financing**<br><br>Is the claim subject to offset? ☑ No ☐ Yes | **$11,889.00** |
| **3.3** | Nonpriority creditor's name and mailing address<br>**Byline Bank**<br>**3401 N Western Ave.**<br>**Chicago, IL 60618**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number  **1100** | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Credit Card**<br><br>Is the claim subject to offset? ☑ No ☐ Yes | **$9,835.00** |
| **3.4** | Nonpriority creditor's name and mailing address<br>**Carolina Hernandez**<br>**1456 W Elmdale, #3N**<br>**Chicago, IL 60660**<br><br>Date(s) debt was incurred _<br>Last 4 digits of account number  **6938** | As of the petition filing date, the claim is: *Check all that apply.*<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed<br><br>Basis for the claim:  **Potential claim for back wages**<br><br>Is the claim subject to offset? ☑ No ☐ Yes | **Unknown** |

Debtor    **Sticky Rice, Inc.**
_____
Name

Case number *(if known)* _____

---

| 3.5 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |

**Doris Orozco**
**4655 N Drake Ave.**
**Chicago, IL 60625**

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number  **6938**

Basis for the claim:  **Potential claim for back wages**

Is the claim subject to offset?  ■ No  ☐ Yes

---

| 3.6 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |

**Federico Aurelio Mendez**
**1456 W Elmdale #3N**
**Chicago, IL 60660**

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number  **6938**

Basis for the claim:  **Potential claim for back wages**

Is the claim subject to offset?  ■ No  ☐ Yes

---

| 3.7 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |

**Felix David Rodriguez Alcauter**
**1727 W Wallen Ave.**
**Chicago, IL 60626**

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number  **6938**

Basis for the claim:  **Potential claim for back wages**

Is the claim subject to offset?  ■ No  ☐ Yes

---

| 3.8 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |

**Fran Lopez**
**4839 N Kimbal, #3**
**Chicago, IL 60625**

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number  **6938**

Basis for the claim:  **Potential claim for back wages**

Is the claim subject to offset?  ■ No  ☐ Yes

---

| 3.9 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |

**Francisco Aguillar**
**3034 W Leland Ave.**
**Chicago, IL 60625**

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number  **6938**

Basis for the claim:  **Potential claim for back wages**

Is the claim subject to offset?  ■ No  ☐ Yes

---

| 3.10 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |

**Franciso Garcia**
**1727 W Wallen Ave.**
**Chicago, IL 60626**

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number  **6938**

Basis for the claim:  **Potential claim for back wages**

Is the claim subject to offset?  ■ No  ☐ Yes

---

| 3.11 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |

**Henry Almaraz**
**4834 N  Albany**
**Chicago, IL 60625**

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number  **6938**

Basis for the claim:  **Potential claim for back wages**

Is the claim subject to offset?  ■ No  ☐ Yes

---

| Debtor | **Sticky Rice, Inc.** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**3.12** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **Unknown**

**Hermitano Almaraz**
4954 N Albany, #1
Chicago, IL 60625

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number **6938**

Basis for the claim:  **Potential claim for back wages**

Is the claim subject to offset? ■ No ☐ Yes

---

**3.13** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **Unknown**

**Isaias Ramirez**
4839 N Kimbal, #3
Chicago, IL 60625

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number **6938**

Basis for the claim:  **Potential claim for back wages**

Is the claim subject to offset? ■ No ☐ Yes

---

**3.14** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **Unknown**

**Manuel Mendez**
4831 N Washtenaw, #1
Chicago, IL 60625

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number **6938**

Basis for the claim:  **Potential claim for back wages**

Is the claim subject to offset? ■ No ☐ Yes

---

**3.15** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **Unknown**

**Misael Almaraz**
4954 N Albany, #1
Chicago, IL 60625

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number **6938**

Basis for the claim:  **Potential claim for back wages**

Is the claim subject to offset? ■ No ☐ Yes

---

**3.16** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$0.00**

**Navitas Credit Corp.**
203 Fort Wade Road, Ste. 300
Ponte Vedra, FL 32081

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number **6938**

Basis for the claim:  **Notice only**

Is the claim subject to offset? ■ No ☐ Yes

---

**3.17** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **Unknown**

**Tannaree Pukitpipat**
1045 W Glenlake, #1
Chicago, IL 60660

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number **6938**

Basis for the claim:  **Potential claim for back wages**

Is the claim subject to offset? ■ No ☐ Yes

---

**3.18** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$272,000.00**

**Timothy M Nolan Esq**
Nolan Law Office
53 W Jackson Blvd., Ste. 1137
Chicago, IL 60604

- ■ Contingent
- ■ Unliquidated
- ■ Disputed

Date(s) debt was incurred _

Last 4 digits of account number **6857**

Basis for the claim:  **Notice as Attorney for YOAUN AGUILAR MIRANDA, HERMITANO ALMARAZ CARDONA, and MISAEL ALMARAZ CARDONA**

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | **Sticky Rice, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

| 3.19 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$49,359.25** |
|---|---|---|---|

**US Department of Labor**
**230 S Dearborn St., Rm. 1001**
**Chicago, IL 60604**

■ Contingent
■ Unliquidated
■ Disputed

Date(s) debt was incurred __

**Last 4 digits of account number  6938**

Basis for the claim:  **Potential FLSA claims**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.20 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **$7,067.00** |
|---|---|---|---|

**Wintrust Bank**
**4343 W Peterson**
**Chicago, IL 60646**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred __

**Last 4 digits of account number  1406**

Basis for the claim:  **Business Loan**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.21 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |
|---|---|---|---|

**Yoalin Aguilar**
**3247 W Wilson**
**Chicago, IL 60625**

■ Contingent
■ Unliquidated
■ Disputed

Date(s) debt was incurred __

**Last 4 digits of account number  6938**

Basis for the claim:  **Potential claim for back wages**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.22 | **Nonpriority creditor's name and mailing address** | As of the petition filing date, the claim is: *Check all that apply.* | **Unknown** |
|---|---|---|---|

**Yonsi Almaraz**
**4834 N Albany**
**Chicago, IL 60625**

■ Contingent
■ Unliquidated
■ Disputed

Date(s) debt was incurred __

**Last 4 digits of account number  6938**

Basis for the claim:  **Potential claim for back wages**

Is the claim subject to offset? ■ No ☐ Yes

---

**Part 3:**  **List Others to Be Notified About Unsecured Claims**

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

   If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

**Part 4:**  **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. Add the amounts of priority and nonpriority unsecured claims.

| | | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a. $ | 0.00 |
| **5b. Total claims from Part 2** | 5b. + $ | 350,150.25 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. $ | 350,150.25 |

**Fill in this information to identify the case:**

Debtor name     **Sticky Rice, Inc.**

United States Bankruptcy Court for the:     NORTHERN DISTRICT OF ILLINOIS

Case number (if known)     _____

☐ Check if this is an
   amended filing

# Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.  **Does the debtor have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*    *Property*
    (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1.**  State what the contract or lease is for and the nature of the debtor's interest     **Equipment lease**<br><br>State the term remaining     **18 months**<br><br>List the contract number of any government contract | **Brickhouse/Navitas Corp**<br>**8161 East Indian Bend Road, Ste 103**<br>**Lankin, ND 58250** |
| **2.2.**  State what the contract or lease is for and the nature of the debtor's interest     **Commercial lease for premises located at 4018 N Western Ave., 1st Fl., Chicago, IL 60618**<br><br>State the term remaining     **8 yrs**<br><br>List the contract number of any government contract | **Kommane Purananda & Kristana Moungk**<br>**4018 N Western Ave., 2nd Fl.**<br>**Chicago, IL 60618** |

**Fill in this information to identify the case:**

Debtor name **Sticky Rice, Inc.**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                    12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

Column 1: **Codebtor**                                          Column 2: **Creditor**

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | **Kristana Moungekeow** | **4018 N Western Ave. Chicago, IL 60618** | **Timothy M Nolan Esq** | ☐ D _____<br>☑ E/F __3.18__<br>☐ G _____ |
| 2.2 | **Kristana Moungekeow** | **4018 N Western Ave. Chicago, IL 60618** | **US Department of Labor** | ☐ D _____<br>☑ E/F __3.19__<br>☐ G _____ |
| 2.3 | **Kritsana Moungkeow** | **4018 N Western Ave. Chicago, IL 60618** | **Wintrust Bank** | ☑ D __2.3__<br>☐ E/F _____<br>☐ G _____ |

**Fill in this information to identify the case:**

Debtor name  **Sticky Rice, Inc.**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF ILLINOIS

Case number (if known)  _____

☐ Check if this is an amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    **04/22**

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1:   Income**

1. **Gross revenue from business**

   ☐ None.

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
|---|---|---|
| **From the beginning of the fiscal year to filing date:**<br>From  **1/01/2024** to **Filing Date** | ■ Operating a business<br>☐ Other  _____ | **$406,622.00** |
| **For prior year:**<br>From  **1/01/2023** to **12/31/2023** | ■ Operating a business<br>☐ Other  _____ | **$1,500,000.00** |
| **For year before that:**<br>From  **1/01/2022** to **12/31/2022** | ■ Operating a business<br>☐ Other  _____ | **$1,575,945.00** |

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

| | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
|---|---|---|

**Part 2:   List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>Check all that apply |
|---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed

| Debtor | **Sticky Rice, Inc.** | | Case number *(if known)* |
|---|---|---|---|

or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None.

| | Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | **YOAUN AGUILAR MIRANDA ET AL. v. STICKY RICE, INC. ET AL**<br>I :23-cv-16857 | **FLSA and IMWL** | **ND ILL EASTERN DIVISION** | ■ Pending<br>☐ On appeal<br>☐ Concluded |
| 7.2. | **US DOL V. STICKY RICE**<br>**1981540** | **Administrative Action - FLSA** | | ■ Pending<br>☐ On appeal<br>☐ Concluded |

8. **Assignments and receivership**
List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:    Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

Debtor   **Sticky Rice, Inc.**                                          Case number *(if known)* _____

---

**Part 5:**  **Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☐ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6:**  **Certain Payments or Transfers**

11. **Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Law Offices of Konstantine Sparagis**<br>**900 W Jackson Blvd., Ste. 4E**<br>**Chicago, IL 60607** | $13,262.00  **Attorney's Fees**<br>$1,738  **Filing Fees** | **5/2024** | **$15,000.00** |
| | Email or website address<br>_____ | | | |
| | Who made the payment, if not debtor?<br>_____ | | | |

12. **Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☐ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None.

| Who received transfer?<br>Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:**  **Previous Locations**

14. **Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

---

Official Form 207                   **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**                   page **3**

| Debtor | **Sticky Rice, Inc.** | Case number *(if known)* | |

| Address | Dates of occupancy From-To |
| --- | --- |

---

15. **Health Care bankruptcies**
   Is the debtor primarily engaged in offering services and facilities for:
   - diagnosing or treating injury, deformity, or disease, or
   - providing any surgical, psychiatric, drug treatment, or obstetric care?

   ☑ No. Go to Part 9.
   ☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| --- | --- | --- |

---

16. **Does the debtor collect and retain personally identifiable information of customers?**

   ☑ No.
   ☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

   ☑ No. Go to Part 10.
   ☐ Yes. Does the debtor serve as plan administrator?

---

18. **Closed financial accounts**
   Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
   Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

   ☑ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
| --- | --- | --- | --- | --- |

19. **Safe deposit boxes**
   List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

   ☑ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
| --- | --- | --- | --- |

20. **Off-premises storage**
   List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

   ☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
| --- | --- | --- | --- |

---

Debtor   **Sticky Rice, Inc.**                                                Case number *(if known)* _____

---

**Part 11:** **Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

---

**Part 12:** **Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■ No.
☐ Yes. Provide details below.

| Case title<br>Case number | Court or agency name and address | Nature of the case | Status of case |
| --- | --- | --- | --- |

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
| --- | --- | --- | --- |

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
| --- | --- | --- | --- |

---

**Part 13:** **Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
| --- | --- | --- |

26. **Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| Name and address | | Date of service<br>From-To |
| --- | --- | --- |

Debtor    **Sticky Rice, Inc.**                                   Case number *(if known)*  _____

| Name and address | Date of service From-To |
|---|---|
| 26a.1.  **KDTK LLC**<br>**10007 S TRIPP AVE**<br>**Oak Lawn, IL 60453** | **2004 to present** |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1.  **KDTK LLC** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **Kritsana Moungkeow** | **4018 N Western Ave.**<br>**Chicago, IL 60618** | **President and Sole Director** | **100% shareholder** |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No
☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

■ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

Debtor    **Sticky Rice, Inc.**                                      Case number *(if known)* _____

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No
☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | |

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **June 20, 2024**

**/s/ Kritsana Moungkeow**                              **Kritsana Moungkeow**
Signature of individual signing on behalf of the debtor        Printed name

Position or relationship to debtor    **President**

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**
☑ No
☐ Yes

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Sticky Rice, Inc.** _____       Case No. _____
                                    Debtor(s)              Chapter   **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept _____       $ _____**13,262.00**

   Prior to the filing of this statement I have received _____       $ _____**13,262.00**

   Balance Due _____       $ _____**0.00**

2. The source of the compensation paid to me was:

   ☒ Debtor       ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ☒ Debtor       ☐ Other (specify):

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any adversary proceeding.**

| CERTIFICATION |
|---|
| I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding. |

**June 20, 2024** _____       /s/ Konstantine Sparagis _____
_Date_                                        **Konstantine Sparagis 6256702**
                                              _Signature of Attorney_
                                              **Law Offices Of Konstantine Sparagis**
                                              **900 W. Jackson Blvd.**
                                              **Ste. 4E**
                                              **Chicago, IL 60607**
                                              **312.753.6956  Fax: 866.333.1840**
                                              **gus@atbankruptcy.com**
                                              _Name of law firm_

**LAW OFFICES OF KONSTANTINE SPARAGIS, P.C.**
**900 W. JACKSON BLVD., STE. 4E**
**CHICAGO, IL 60607**
**PH: 312-753-6956**
**FX: 866-333-1840**

ADVANCED PAYMENT RETAINER/HOURLY RATE

Sticky Rice, Inc. ("Client") desire to retain the **Law Offices of Konstantine Sparagis, P.C.** ("the Attorneys"), as legal representation and intend to create an attorney client relationship for the purpose of representing Client in connection with a bankruptcy under Chapter 11.

We are requesting an initial retainer in the amount of Fifteen Thousand (**$15,000.00**) Dollars. Of the retainer payment, $1,738.00 will be used for the filing fee. Any retainer paid in advance by you now or in the future shall be considered earned upon deposit with credit given as the work is performed, subject to bankruptcy court approval as necessary. The Attorneys are not bound to take any action and may not take any action including, but not limited to, filing any appearance or papers or making any court appearances, until the initial retainer is paid in full. All filing fees will be paid out of the initial retainer amount. Either party may terminate the attorney-client relationship at any time, except that the Attorneys must do so consistent with the Rules of Professional Responsibility and in the event of pending litigation, pursuant to such court's rules and orders.

The Attorneys will bill all services (whether by members of the firm, associates, or of counsel attorneys) at hourly rates of three hundred ($350.00) dollars for senior attorneys; one hundred ninety-five ($195.00) dollars for associate attorneys; and seventy-five ($75.00) dollars for non-attorneys. We reserve the right to increase the hourly rate for attorney and non-attorney personnel but we will notify you in advance of any increase. We may consult with specialty attorneys and if so they will be billed to you at their normal rate.

All retainers described herein, including all future retainers, are expressly agreed to be "advance payment retainers" as described in *In re: Production Associates, Ltd. 264 B.R. 180 (Bkrtcy. N.D.Ill 2001)* and *Dowling v. Chicago Options Associates, Inc., 2007 WL 128879 (Ill.)*. The Attorneys will commingle the retainer and any future retainer immediately upon receipt with their general funds being obligated only to refund an amount equal to the unearned portion thereof, if any, promptly after the termination of the Attorney's services. Ordinarily, Client has the option to request that the retainer be considered a "security retainer" where Client continues to have an interest in the funds, but Client recognizes and agrees that the Attorneys would not undertake the representation on that basis. The Attorneys are obligated by the *Dowling* case to advise Client of the reason they would decline to represent Client on a security retainer basis, and that reason is the Attorneys do not desire even to potentially compete with the creditors of the Client on a security retainer basis.

BILLING AND INVOICES

All fees are subject to bankruptcy court approval after notice and hearing which you may appear and/or object. You will be invoiced during the case to provide you an idea of the time and expense incurred in connection with the representation with, any time spent on your matter will be reflected in your billing. This will include time spent in reviewing any documentation, drafting any correspondence or pleadings, or performing any research to help support any position we will take on your behalf. It will also include time spent on the telephone with you or with any other persons in connection with the matter

you have entrusted to us. The minimum time expenditure billed for any phone call is one tenth of an hour. Any costs expended on your behalf, such as for filing fees in court, for the services of a private investigator, or other similar costs will be added to your monthly billing to be paid as indicated above. Messenger charges will also be reflected in your bill. All of the above time entries and costs will be itemized on your billing statement in detail. Please call us if at any time you wish to discuss the billing or have questions or concerns about the method or the amount of billing, or if for any reason you cannot make timely payments. We expect such calls before your invoice is past due.

The Client may object to any charge appearing on any bill rendered by the Attorneys. You will not be required to pay any invoice until the Court has approved the Attorney's fees. In all matters involving invoicing and billing the parties agree to be fair and reasonable with one another.

This fee expressly does <u>not</u> include any obligation on the Attorneys to prosecute or defend any adversary proceedings or appeals ("Additional Services"), which may arise as a result of the Clients' bankruptcy case. Anything herein to the contrary, both the Attorneys and the Client will endeavor to be fair and reasonable with each other in all billing matters.

## BANKRUPTCY

All information that is required to provide with a petition and thereafter during a case under this title is required to be complete, accurate, and truthful; all assets and all liabilities are required to be completely and accurately disclosed in the documents filed to commence the case, and the replacement value of each asset as defined in § 506 must be stated in those documents where requested after reasonable inquiry to establish such value. Information provided during the case may be audited pursuant to this title, and failure to provide such information may result in dismissal of the case under this title or other sanction, including a criminal sanction.

To file a bankruptcy case, documents must be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you must attend the required first meeting of creditors, where you may be questioned by a court official called a "trustee" and by creditors. If you choose to file a Chapter 11 case, in which you repay your creditors what you can afford over 3 to 5 years pursuant to a Chapter 11 plan and with the confirmation hearing on your plan, which will be before a bankruptcy judge. Your bankruptcy case may also involve litigation. Individuals are generally permitted to represent themselves in litigation in bankruptcy court, but only lawyers, not bankruptcy petition preparers, can give you legal advice and corporate entities must be represented by counsel.

## BINDING EFFECT

By signing below, you indicate that you understand our billing and wish us to undertake your representation on the matters which you have already or will in the future entrust to us. A copy of this agreement should be kept for your records.

CHOICE OF LAW

This Agreement shall be construed according to the laws of the State of Illinois and the Parties agree to submit to the jurisdiction of any state or federal court in Cook County.

Yours truly,

/s/ Konstantine Sparagis
Konstantine Sparagis

Agreed:

Sticky Rice, Inc.

By: KRITSANA MOUNGKEOW , as President

Dated: 05/24/2024

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Sticky Rice, Inc.**

Debtor(s)

Case No.

Chapter   **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Kritsana Moungkeow**<br>**4018 N Western Ave.**<br>**Chicago, IL 60618** | **Common** | **1000** | **100% shareholder** |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date   **June 20, 2024**

Signature   **/s/ Kritsana Moungkeow**

**Kritsana Moungkeow**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Sticky Rice, Inc.** _____   Case No. _____
                              Debtor(s)        Chapter   **11** _____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ **30**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **June 20, 2024** _____        **/s/ Kritsana Moungkeow** _____
                                                 **Kritsana Moungkeow/President**
                                                 Signer/Title

Adam Alcauter
1727 W Wallen Ave.
Chicago, IL 60626

Brickhouse Capital LLC
8161 East Indian Bend Road, Ste 103
Scottsdale, AZ 85250

Brickhouse/Navitas Corp
8161 East Indian Bend Road, Ste 103
Lankin, ND 58250

Byline Bank
3401 N Western Ave.
Chicago, IL 60618

Carolina Hernandez
1456 W Elmdale, #3N
Chicago, IL 60660

Doris Orozco
4655 N Drake Ave.
Chicago, IL 60625

Federico Aurelio Mendez
1456 W Elmdale #3N
Chicago, IL 60660

Felix David Rodriguez Alcauter
1727 W Wallen Ave.
Chicago, IL 60626

Fran Lopez
4839 N Kimbal, #3
Chicago, IL 60625

Francisco Aguillar
3034 W Leland Ave.
Chicago, IL 60625

Franciso Garcia
1727 W Wallen Ave.
Chicago, IL 60626

Henry Almaraz
4834 N Albany
Chicago, IL 60625

Hermitano Almaraz
4954 N Albany, #1
Chicago, IL 60625

Isaias Ramirez
4839 N Kimbal, #3
Chicago, IL 60625

Kommane Purananda & Kristana Moungk
4018 N Western Ave., 2nd Fl.
Chicago, IL 60618

Kristana Moungekeow
4018 N Western Ave.
Chicago, IL 60618

Kristana Moungekeow
4018 N Western Ave.
Chicago, IL 60618

Kritsana Moungkeow
4018 N Western Ave.
Chicago, IL 60618

Manuel Mendez
4831 N Washtenaw, #1
Chicago, IL 60625

Misael Almaraz
4954 N Albany, #1
Chicago, IL 60625

Navitas Credit Corp.
203 Fort Wade Road, Ste. 300
Ponte Vedra, FL 32081

RLC Funding
111 Executive Center Dr., Ste. 1
Columbia, SC 29210

Tannaree Pukitpipat
1045 W Glenlake, #1
Chicago, IL 60660


Timothy M Nolan Esq
Nolan Law Office
53 W Jackson Blvd., Ste. 1137
Chicago, IL 60604


US Department of Labor
230 S Dearborn St., Rm. 1001
Chicago, IL 60604


US Small Business Administration
2 NORTH STREET, SUITE 320
Birmingham, AL 35203


Wintrust Bank
4343 W Peterson
Chicago, IL 60646


Wintrust Bank
4343 W Peterson
Chicago, IL 60646


Yoalin Aguilar
3247 W Wilson
Chicago, IL 60625


Yonsi Almaraz
4834 N Albany
Chicago, IL 60625

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Sticky Rice, Inc.**                                    Case No.
                                    Debtor(s)                   Chapter    **11**


### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)


Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Sticky Rice, Inc.**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:


■ None [*Check if applicable*]


**June 20, 2024**                              **/s/ Konstantine Sparagis**
Date                                          **Konstantine Sparagis 6256702**
                                              Signature of Attorney or Litigant
                                              Counsel for   **Sticky Rice, Inc.**
                                              **Law Offices Of Konstantine Sparagis**
                                              **900 W. Jackson Blvd.**
                                              **Ste. 4E**
                                              **Chicago, IL 60607**
                                              **312.753.6956 Fax:866.333.1840**
                                              **gus@atbankruptcy.com**